Floyd E. MARTIN et al., Appellants,

v.

Otto T. HILT, Appellee.

No. 3362.

Court of Civil Appeals of Texas.

Waco.

March 29, 1956.

Rehearing Denied April 19, 1956.

L. A. Ashcroft, R. M. Bounds, McAllen, for appellants.

Cox, Patterson & Freeland, McAllen, for appellee.

McDONALD, Chief Justice.

This case involves the construction of a contract made between plaintiff Hilt and defendants Martin and Latham.

Plaintiff owned a tract of land in Hidalgo County upon which were water wells for purposes of irrigation, together with pumps, pipes, and other irrigation equipment. Plaintiff and defendants entered into a written contract by which plaintiff leased defendants the premises and equipment. Such lease contract contained an option provision by which defendants could purchase the premises by a certain date and receive credit for the amounts paid as rental under the lease, on the purchase price. The defendants exercised their option to purchase the premises, executed notes for the balance of the purchase price due, and received a deed from plaintiff to the premises. Thereafter a dispute arose between plaintiff and defendants as to whether the pumps and other irrigation equipment were covered in the contract and included in the purchase. Plaintiff instituted suit against defendants for the pumps and irrigation equipment, whereupon defendants delivered the premises together with the irrigation equipment, back to plaintiff. Plaintiff then dismissed his suit for the irrigation equipment.

Defendants, after surrendering the premises to plaintiff, made no payments on their notes. Plaintiff then declared the notes in default, had a trustee's sale under his deed of trust, bought the property in, and thereafter filed this suit for some $20,000 for deficiency judgment.

Defendants answered, pleading a failure of consideration for the notes, in that plaintiff had failed and refused to convey the pumps, pipes and irrigation equipment in accordance with their contract; and further plead that the sale was rescinded by the parties when defendants surrendered the premises and equipment to plaintiff, and plaintiff accepted same.

Plaintiff excepted to defendants' answer on the ground that the pumps, pipes and other personal property were not included in the contract as a matter of law. The

Trial Court sustained the exceptions, the effect of which was to hold that the option to purchase provided for in plaintiff and defendants' contract did not as a matter of law include the pumps, pipes and other irrigation equipment.

Defendants declined to amend; the Trial Court entered judgment for plaintiff for the amount of the notes less certain offsets; and defendants appeal.

This case turns on the construction of the plaintiff and defendants' contract. If, construing the contract, we can conclude as a matter of law, that the personal property was *not* included in the option to purchase, then the case must be affirmed; while if we conclude that the personal property was included in the option to purchase —or if the contract is ambiguous on this point—then the case must be reversed.

This brings us to an examination of the contract entered into between the plaintiff and defendants, pertinent provisions of which are as follows:

"State of Texas
County of Hidalgo } Memorandum of Agreement

"Between Otto T. Hilt * * * herein called Lessor, and Floyd E. Martin and Chester A. Latham * * * herein called Lessee.

"Witnesseth

"I.

"Lessor owns * * * a subdivision of the South 700 acres * * * in Hidalgo County, Texas, which property, subject to the terms and provisions of this agreement, Lessor leases, lets and rents to Lessee for agricultural farming purposes for a term beginning with the date hereof and ending 1 October 1952.

"II.

"Lessee, simultaneously with the execution hereof, pays to Lessor as rental for said term the sum of $1500 in cash. For the consideration mentioned,

Lessee is given an option to purchase said property for $24,500, which option must be exercised not later than 1 October 1952; and in the event it is exercised the $1500 rentals paid herewith shall apply as a part of the cash consideration to be paid for said premises upon exercise of said option. Lessee may have an extension of the option to purchase and of the lease to 31 December 1952, if Lessee pays to Lessor an additional sum of $1000 on or before 1 October 1952, and this payment shall likewise apply to the cash part of the purchase price for said premises, if Lessee exercises the option to purchase. If Lessee exercises the option to purchase on or before 31 December 1952, Lessee shall pay to Lessor an additional sum of $1000 in cash and execute 10 vendor's lien notes at 5% interest from date, additionally secured by deed of trust lien, to evidence the balance of the purchase price.

"The sale shall include all mineral interests owned by Lessor, which is ½ of the customary landowner's ⅛ royalty, it being expressly understood that said land is under oil and gas lease * * *

"III.

"Lessor has on said premises the following equipment:
Two (2) Johnston Deep Well Turbine Pumps 10″
One (1) Novo Model CWR–133 Engine
One (1) LeRoi D–140 P–7 Engine
49 Lengths 980 feet 5″ Feeder Pipes
49 Lengths 1000 feet 4″ Sprinkler Pipes
Two (2) Elbow 5″
One (1) Reducer Elbow 5″ x 4″
One (1) Cap 4″ Aluminum

Such installations and equipment are included in this lease to Lessee, and Lessee will operate same and maintain same in a good state of repair and a good workable condition as utilized in said farming operations during the term of this lease. Lessee agrees to do and

perform at all times all things necessary to properly plant, grow to maturity and harvest said crops in a good, prudent, careful husbandlike manner in accordance with practices prevailing in the Rio Grande Valley.

"IV.

"Lessee agrees not to sublet the premises and chattels * * * without written consent of Lessor * * *

"V.

"When requested by Lessor in writing, Lessee will furnish Lessor a true and correct statement of the quantity of crops planted, raised and produced on said premises.

"VI.

"In the growing of cotton on said premises, Lessee covenants and agrees that he will obtain the necessary permits therefor * * * and will comply with all rules and regulations of State or Federal authorities * * *

"VII.

"Upon the expiration of this lease Lessee will peaceably deliver up the possession of said premises, property and chattels and all of Lessor's equipment in as good condition as when received by Lessee, reasonable wear and tear excepted.

"Executed this 22 day of October, 1951.

> "Otto T. Hilt,
> "Lessor

> "Floyd E. Martin
> "Chester A. Latham
> "Lessees."

Defendants' pleading which was stricken by the Trial Court plead the foregoing contract, the matters heretofore set forth, together with the fact that the land described is located 15 miles north of Edinburg, Hidalgo County, and is in a semi-arid region, and that without irrigation such land is absolutely worthless for agriculture or farming purposes; that the land was being farmed as an irrigated farm by means of the wells and pumps and equipment described in the contract and that defendants contend that the contract includes the pumps, pipes and irrigation equipment in the option to purchase as well as in the lease of the premises.

The specific question before us is: Can we say that the contract before us, construed as a whole, and all of its provisions taken into consideration, does not include the pumps and irrigation equipment in the option to purchase?

Analyzing briefly the contract, we see that it was a lease of land for farming and for agricultural purposes; that the lessee had an option to purchase said property within a certain time; that the premises had thereon pumps, pipes and other irrigation equipment, which were included in this lease to lessee. Nowhere in the lease does it specifically state that the irrigation equipment was included or not included in the option to purchase. Lessor contends it was not included, while lessees contend that it was included.

Construing the contract in its entirety, we cannot say that when the contract said that lessee had the option to purchase *said property* that it was referring to the real estate only, or was referring to the subject matter of the lease, which was the real estate together with the irrigation equipment. From the contract as a whole we can see that the premises, together with the irrigation equipment, were leased for agricultural purposes. Could the premises without the irrigation equipment be leased for agricultural purposes? We think not. Further, we think that there is at least reasonable inference that it was the intention of the parties that the option to purchase was to purchase the subject matter of the lease— that is, the premises together with the irrigation equipment. In any event it is not clear to us from the contract just what the true intention of the parties was.

We think the contract as written is ambiguous, and that the Trial Court erred in holding *that as a matter of law the option to purchase did not include the personal property.* An ambiguous contract is subject to explanation, and attending facts and circumstances, and other extrinsic evidence may be resorted to, not for the purpose of varying or contradicting the terms of the instrument, but to aid the court in arriving at the true intention of the parties.

It follows that the judgment of the Trial Court in sustaining plaintiff's exceptions to defendants' pleading must be reversed, and the cause remanded.

Reversed and remanded.